Good morning, and may it please the Court, Michael Marks, Federal Defendant for Mr. Gutierrez. I'd like to begin with discussing Section 288A, and I want to focus this morning on the two ways in which this Court can and should hold that Section 288A is categorically overbroad, even in light of the definition that was provided in Barone-Medina. Provided in where? In Barone-Medina. So that's the 1999 case that first decides that Section 288A is categorically a sexual abuse of a minor. Although the Court has a number of times affirmed that the Barone-Medina definition survives and that its holding survives, no case has ever gone back and looked at whether or not its Taylor analysis was done properly. And so I'm talking today really about the second step. Is the California statute, even in light of that definition, a categorical match? The Court has never addressed two issues. First, is 288A categorically sexual abuse of a minor, even though it punishes juvenile offenders? And the second question that the Court has never addressed is whether or not it's categorically sexual abuse of a minor, even though there's no harm psychological, physical, otherwise, to the victim. We know that Barone-Medina wasn't talking about juvenile offenders. The California cases that it cited were not, did not involve juvenile offenders. And certainly the focus of the case was the discrepancy in age between the defendant and the victim. And if you look at United States v. Lopez Solis, which is a later case, pre-Estrada-Espinosa, but after Barone-Medina, it says in Barone-Medina, we held that consensual sexual contact with a minor under 14 necessarily involved psychological abuse. And it says, because a child that young cannot understand the nature of an adult's sexual advances. That's what Lopez Solis said. In Pereira-Salmon, the Court, although it wasn't directly addressing the same holding, talks about the fact that there's a danger that force could be used when an older person, as the quote, an older person attempts to sexually touch a child. So the focus is on the age discrepancy when an adult engages in sexual conduct with a child under 14. What the Court has never done, under Moncrief, under Johnson, the Court is required, of course, to consider the least egregious conduct punished by the offense. What the Court has never done is look at the fact that California, in fact, punishes juvenile offenders for the same conduct. There's, in fact, a statutory provision, Welfare and Institution Code section 602, which provides for the prosecution of juveniles as young as 14. These are the offenders, not the victims. The offenders as young as 14. And so the question, I provide another case, People v. Cole, which shows an actual prosecution of an offender at the age of just 16. And so the question the Court has to answer is. So the purpose of the statute is to protect the victims, the underage, the under-14-year-olds. That's absolutely the purpose. That's what the whole purpose is. That's the purpose of the statute, absolutely. And because that's the purpose of the California statute, it completely disregards the age of the offender and it completely disregards any harm to the victim. So the question is, whether this conduct is criminal or not under California law, is it necessarily abusive? Is it the kind of conduct under, this is a plus-16 enhancement, right? It's a crime of violence. It needs to be abusive. Under the aggravated felony statute, we're asking, is it an aggravated felony? No, but you think we're free to reexamine all that in light of, you know, existing Ninth Circuit precedent? Absolutely. And that's because the Court has never addressed this issue. The Court is required to consider. Well, this issue is what? What you just said, that California law also makes it a crime for juveniles to engage in the same conduct? Yes. And so the Court has never. Would that be a reason? Why would that be a reason to say 288A is not a categorical offense? Because it's wider than just adults? I don't understand that. I'm not following you. Because the basis of the Barone-Medina line of cases, the basis of those cases deciding this is, per se, abusive conduct, is the fact that it involves adults engaging in acts with minors. That age discrepancy and the fact that, as Barone-Medina said, a younger person is not able to understand the sexual advances of an adult implies, of course, that the person engaging in the sexual advances is of a different sophistication. That's the discrepancy that makes it abusive, not just sexual conduct with a minor. And what I can say is, even if the Court rejected the juvenile argument, one of the cornerstones of this Court's jurisprudence with regard to what is abusive is harm to the victim. Now, in the quote that I read from Lopez-Solis, again, said, Barone-Medina, we held that it involved psychological abuse. Later on, in Basa-Martinez, the Court says that surely the reason that we came to the holding that we did is because this conduct undoubtedly involves psychological abuse. That's what all the cases have been talking about. So the question then is, under California law, is there necessarily psychological abuse? Does that presumption follow under California law? And it doesn't. There's two cases. Kennedy. That's not a question that's been decided by the, you know, past cases. It's a necessary assumption in the past cases, isn't it, that it does? The Barone-Medina is really the only case that has examined the question de novo. All the other cases said, yes, Barone-Medina survives. What Barone-Medina did is it presumed that there was, in fact, psychological abuse due to the nature of the conduct. And that's what Basa-Martinez said about Barone-Medina, that surely the reason that we came to that conclusion, that this is per se abusive, is because it necessarily involves psychological harm to the victim. Well, and that gets me to, I am interested in your 28-J letter case. I guess the recent case from the Court of Appeal. People v. Palenzi. Which seems to back you up on that business about the California statute. It doesn't necessarily require abuse of the victim, right? Right. As long as it's something the perpetrator wants to do. Right. That's all you need. I mean, the California has been clear that, and they say that, you know, the gist is what's the intent, not the conduct. In that case, although there was, the defendant had engaged in clear sexual abuse of other defendants, or excuse me, of other victims with regard to the ---- Under 288. He was convicted under 288A. 288A and other ---- Yes. And other statutes. With regard to that ---- What you pointed to in that statute was the restitution proceedings that followed. Well, what I'm pointing to is the fact that with regard to one victim, he, the defendant was convicted under 288A, and the Court found that there was sufficient evidence to find that he was guilty because he had hugged and kissed that child. That was all of the contact that he had with that child. Hugged and, I think, kissed him on the top of the head or something. Right. Right. Well, he had taken him to, he had taken him out to outings, and I think the relationship ended when he took that child and a friend without the parent's permission on an outing. But there was no allegation of any, well, objectively sexual contact. And, but the Court said basically we will infer the lewd intent from his other conduct with other victims, but not from those victims, because there was none. And what, Judge Shatema, you're alluding to is the fact that later on when they talked to the mother of that victim for the purposes of restitution, she says there was no psychological harm to him. He's fine. And says, you know, I think he just hugged him and there may not have been anything improper. So what you've got is a statute that the Court of Appeals of California has said we will be comfortable punishing people for a lewd hug, a lewd kiss on the top of the head. And whether or not that's conduct that we want to prohibit under the criminal laws in order to protect children is beside the point. The question is, is that abusive? And it clearly isn't, because the Ninth Circuit has said in order for there to be abuse, there must be either actual evidence of psychological or physical harm to the victim, or is there something about the conduct itself that lends itself to a presumption that there is some harm? I think that's what Bruno Medina was trying to do. He said we can't really imagine a situation where an adult would engage in this sort of conduct with a child, and it wouldn't result in some sort of psychological harm. And what you see in the case of people v. Valenti, 2016, so it's 17 years after Bruno Medina is decided, that California does in fact punish this crime when there is no harm to the victim. So, and I cited in the other case I cited in Flores-Cordero showing that reexamining the case in light of the subsequent California law does allow this Court, even though it's a three-judge panel, to reverse course on that issue. I have 15 seconds unless the Court has questions. I'll give you a minute for rebuttal. Okay. Let's hear from the government. Good morning, Your Honors. May it please the Court. Mark Rady for the United States. I think the important thing to point out at the outset of this argument, and I think this Court already knows it, is we're not riding on a blank slate here. I mean, not once, not twice, three separate times in a ten-year period, and very recently, this Court has held in published opinions that 2888 is categorical sexual abuse of a minor. Now, with that in mind, it's not enough, the government would submit, for the defense to pick a case that maybe has facts on the lower end of the spectrum and claim, well, that somehow is enough to out, you know, to write the, to overrule all these cases. He needs to show something that's clearly irreconcilable. And this Court has said that is at an incredibly high threshold. It's not enough to cast doubt, put in tension. It truly has to be inconsistent. Well, you've, I assume you've read this Valenti case, right? I have. Doesn't the Court there, I mean, I would say explicitly recognize that child abuse, you know, as we classically know it, is not required for a conviction of 2888. It could be, from the viewpoint of the victim, an innocuous act, such as a hug, as long as the intent of the perpetrator, right, is satisfied 2888. Isn't that what Valenti comes down to? Correct. Because in Valenti, there were multiple other victims where the defendant You know that. Yeah. My question, so does that, is that something new in California law? Absolutely not, Your Honor. Can you cite me an earlier case which says, in effect, you know, classic child abuse is not necessary for a 2888 conviction? I can, Your Honor. In fact, Barron-Medina itself cites it. Barron-Medina? Yeah. I'll look at that again. That's 187F3rd, and the page I'm referring to is 1147. And they cite a case, a California Supreme Court 1147? Yeah, of the federal reporter, correct. In that top paragraph under the forehead note, they say, Even an innocuous touching, innocently and warmly received, violates Section 288 if effected with lewd intent. And for that proposition, they cite a 1998 California Supreme Court case, People v. Lopez, 19 California 282. That is the exact same California Supreme Court case that the Valenti case that's cited in the 28J letter cites. Now, my whole point with that is as follows. And also, in the next paragraph in Barron-Medina, that court was expressly aware of what they called the expansive reach of 2888. So my point are basically twofold. One, if the standard is clearly irreconcilable, there is no way that Valenti, which, by the way, I think is Cal Court of Appeal, it wasn't Cal Supreme Court, it didn't purport to affect a sea change or any kind of difference in California law, it's relying on the same case from 1998 that Barron-Medina is. Now, whether, you know, if the defense counsel thinks that was wrongly decided, then that's something that can't, that's not enough to overrule three separate published cases from a 10-year period. The Barron-Medina court knew about this broad reach, but what they said, they made a judicial policy, children under 14, as a matter of law, any touching with the lewd intent is abusive. And I would submit that there is absolutely nothing wrong as a matter of policy or law with that principle. And, in fact, look at the view that my opponent is espousing. If he wants to make proof of actual harm the bellwether for abuse, it might have some intuitive appeal, but it actually ends up in perverse results. What about a victim who's unconscious? What about the youngest of victims, victims that are 5 or 6 years old, somebody touches their genitals, they may have no idea what's going on, they may not know that's harm. What the California courts have done and what this court in Barron-Medina in 1999 sanctioned was a very reasonable view that as a categorical matter, 288A, which only applies to children under 14, that that is sexual abuse of a minor. And, again, even if here today in 2016 we somehow have an issue with that, it's not a blank slate. I mean, the rules of stare decisis can't be, you know, so casually cast aside. And I give my opponent credit. This is a creative attempt. It's not the first. It won't be the last. The fact that there had to be three separate opinions published stating that this statute is a categorical sexual abuse bears witness to that. But, again, Judge Tsushima, you know, I couldn't emphasize this more, that Valenti case is nothing new about California law. And, sure, maybe we can cherry pick that. The other one about the bikini game, I think that was another Lopez case. You look at the run mine of cases. I mean, for these two, I could put 100 in front of this Court with horrific facts. I didn't do that. I don't have to do that. I know this Court is well aware of that. There's certainly nothing that shocks the conscience or is unjust about holding 288A to be categorical sexual abuse of a minor. So unless the Court has any further questions, the government would submit. Mr. Marks. So just a few things. I'm not asking the Court to overrule prior precedent, and I'm not arguing that there was a change in the California law. What I am doing is trying to present as this is Duenas-Alvarez. This is what the Supreme Court requires is for the defense to show a case that covers the least egregious conduct punished by the statute. The People v. Martinez case that Mr. Rahe was talking about, Judge Tshishima, has that quote for sure. But if you look at the conduct in that case, that was a person who went and grabbed young girls in public and almost attempted to kidnap them but got caught in the process. There's no question that that was abusive. The other conduct that Mr. Rahe talked about in all of the other cases, no question that that's abusive. And certainly when he talked about conduct with younger children or contact with sexual organs, there might be a presumption that that conduct is, in fact, abusive. But the question is, is have I presented you with a case that shows that, in fact, there is nonabusive conduct that is punished by California, and that's what that case shows. Okay. Thank you, Mr. Marks. Thank you.  Thank you, counsel.
judges: Reinhardt, Tashima, Paez